UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION NO. 4:23-cv-0200

LARRY MURPHY,

    Plaintiff,

v.

ARAMARK FOOD SERVICES AND
FACILITIES MANAGEMENT, EAST
CAROLINA UNIVERSITY, KELVIN
TARUKWASHA, THOMAS BEDWARDII,
TARA PEREZ, HILLARY GALLAGHER,
SHENITHA DUPREE, DARYLL HINES,
ASHLEY HALL, DUSTIN MARTY, CODY
SHORT, LAUREN ARNOLD, KRISTEN
ANDERSON, and BRITTNEY SCURRY,

    Defendants.

**NOTICE OF REMOVAL**
Pitt County Superior Court
23-cv-3283

Defendants Aramark Campus, LLC (referred to herein as "Aramark") (incorrectly named in the Complaint as "Aramark Food Services and Facilities Management, East Carolina University"), Kelvin Tarukwasha, Thomas Bedward (incorrectly named in the Complaint as "Thomas Bedwardii"), Tera Perez (incorrectly named in the Complaint as "Tara Perez"), Hillary Gallagher, Shenitha Dupree, Darryl Hines (incorrectly named in the Complaint as "Daryll Hines"), Ashley Hall, Dustin Marty, Kody Short (incorrectly named in the Complaint as "Cody Short"), Lauren Arnold, Cristen Anderson (incorrectly named in the Complaint as "Kristen Anderson"), and Brittany Scurry (incorrectly named in the Complaint as "Brittney Scurry") (collectively, "Defendants"), by and through their attorneys, files this Notice of Removal of the above captioned matter from General Court of Justice, Superior Court Division, Pitt County, North Carolina, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and respectfully shows to this Court the following:

## I. STATE COURT ACTION

1. On October 31, 2023, Plaintiff Larry Murphy ("Plaintiff") commenced this action by filing a Complaint and Jury Demand (the "Complaint") in the Superior Court of North Carolina, Pitt County, captioned as *Larry Murphy v. Aramark Food Services and Facilities Management, East Carolina University, Kelvin Tarukwasha, Thomas Bedwardii, Tara Perez, Hillary Gallagher, Shenitha Dupree, Daryll Hines, Ashley Hall, Dustin Marty, Cody Short, Lauren Arnold, Kristen Anderson, and Brittney Scurry*, Docket No. 23-CV-3283.

2. On November 3, 2023, Plaintiff served the Complaint and Summons on Defendants Bedward, Perez, Gallagher, Dupree, Hines, Hall, Marty, Short, Arnold, Anderson, and Scurry. Plaintiff subsequently served a copy of the Complaint and Summons on Defendant Tarukwasha on November 6, 2023.

3. As of today, Plaintiff has not yet served the Complaint and Summons on Defendant Aramark, but Aramark is aware of the Complaint and consents to the filing of the Notice of Removal.

4. A true and correct copy of the Complaint, EEOC Letter, and Summonses served on Defendants Gallagher, Dupree, Tarukwasha, and Bedward is attached as **Exhibit A**. No other proceedings in this action have been held in the Superior Court of North Carolina to Defendants' knowledge, and the documents attached as Exhibit A constitute all known pleadings filed with the North Carolina Superior Court in this case, and an example of the summonses issued and received by Defendants (save for Aramark, who has not yet been served).

## II. GROUNDS FOR REMOVAL OF STATE COURT ACTION

5. Section 1441(a) of Title 28 of the United States Code provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have

original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

7. Furthermore, pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." To determine "whether a federal cause of action is present in a state court Complaint, a federal court examines whether the 'well pleaded complaint' relies on a federal question." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). If a complaint raises a colorable federal question, then the case may be removed to federal court under 28 U.S.C. § 1441.

8. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (quoting *Gully v. First National Bank*, 299 U.S. 109, 112–113 (1936)). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

9. Here, although Plaintiff does not expressly identify the statute(s) that he believes support of federal claims, his allegations, looking at the whole, unquestionably implicate alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*,

and the Age Discrimination in Employment Act ("ADEA), 29 U.S.C. § 621, *et seq.*, which are both federal statutes supporting original jurisdiction.

Basis of Federal Question Allegations

10. Here, the Complaint alleges that Plaintiff experienced alleged "age discrimination, discrimination, harassment, —and retaliation." Compl., ¶¶ 336, 419; *see also* Compl., ¶¶ 30, 81, 116, 121, 128, 131, 135, 350, 392-393, 427, 428, 457, 478 (using terms like "discriminatory," "harassment," "harassing," "harass," and "retaliate" as part of Plaintiff's other allegations). The Complaint further alleges that various individuals' actions were allegedly "racially motivated" or "racist," included "racial slurs," has "racial undertones," and constituted "racial attack" or "racial behavior." Compl., ¶¶ 151, 186, 195-197, 206, 208, 215, 263, 265-269, 276-277, 281-285, 287, 290-292, 296, 308-310, 332-333, 453.

11. The Complaint also alleges that some individuals' alleged conduct "especially and particularly toward —an elderly person—and disable veteran —of the United States Armed Forces —is profoundly disrespectful —to Plaintiff and —the United States government's laws — that provide protection —for veterans —with disabilities under Title 1—of the Americans with Disabilities Act (ADA) —and the Employment —and Reemployment Rights Act (USERRA)." Compl., ¶ 373. *See, e.g., Mungo-Craig v. Navient Sols., Inc.*, No. 5:17-CV-5-BO, 2017 WL 3037566, at *1 (E.D.N.C. July 18, 2017) (unpublished case) (federal question jurisdiction was present on the face of the complaint under the FDCPA when it was asserted throughout the complaint even though stated as merely a coinciding federal claim to state law claims pro se plaintiff intended to rely on).

12. The Complaint also indicates that Plaintiff was trying to file his federal claims before the expiration of the ninety (90) day statute of limitations for filing *federal* claims after

4

the U.S. Equal Employment Opportunity Commission issued its Determination and Notice of Rights, which Plaintiff also attached to the Complaint. Compl., ¶ 20 ("Equal Employment Opportunity Commission (EEOC), Raleigh Area Office, 434 Fayetteville Street, Raleigh, North Carolina issued Plaintiff a Right-To-Sue Letter on September 1, 2023, to be filed within 90 days . . . of receipt of notice, which would be on or before November 1, 2023.").

13. Plaintiff's Complaint is full of allegations demonstrating a possible (if not intended) cause of action under federal law as opposed one solely based on state law. Accordingly, because the Complaint implicates federal laws, the case is removable on this basis under 28 U.S.C. § 1441.

### III. VENUE

14. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the Eastern District of North Carolina, Eastern Division, is the federal judicial district embracing the Superior Court of North Carolina, Pitt County, where Plaintiff originally filed this action, and a substantial part of the alleged events or omissions giving rise to Plaintiff's claims are alleged to have occurred in this judicial district.

### VI. TIMING OF REMOVAL

15. This Notice of Removal is filed within thirty (30) days of Defendant Gallagher's receipt of a copy of the Complaint and Summons on November 3, 2023, which is the earliest service date, and, therefore, has been timely filed under 28 U.S.C. § 1446(b).

16. Pursuant to 28 U.S.C. § 1446(d), Defendants are simultaneously filing copies of all process, pleadings, and orders existing on file in the State court in this removed action. Further, pursuant to 28 U.S.C. § 1446(d), Defendants will file a true and correct copy of this Notice of

Removal with the Clerk of the Superior Court of North Carolina, Pitt County and will properly give Plaintiff written notice of this filing.

17. Defendants have made no previous application for the relief requested herein.

18. By filing a Notice of Removal in this matter, Defendants do not waive, and expressly reserve, their rights to assert any and all defenses and/or objections in this case, including their rights to contest personal jurisdiction, service of process and the sufficiency of the Complaint.

19. The undersigned is counsel for Defendants and is duly authorized to effect removal on their behalf.

WHEREFORE, Defendants hereby remove this action from the Superior Court of North Carolina, Pitt County, and submit the foregoing to this Court's jurisdiction for further proceedings.

Respectfully submitted, this the 4th day of December, 2023.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: /s/ *D. Martin Warf*
D. Martin Warf
N.C. State Bar No. 32982
Alyssa Riggins
N.C. State Bar. No. 52366
301 Hillsborough Street
Suite 1400
Raleigh, NC 27603
Phone: 919.329.3800
Fax: 919.329.3799
martin.warf@nelsonmullins.com
alyssa.riggins@nelsonmullins.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

  I, D. Martin Warf, hereby certify that on, on the date indicated herein, the foregoing Notice of Removal with attached exhibits were electronically filed via the Court's ECF filing system and served on the following via United States mail, first class, postage prepaid to:

>Larry F. Murphy, *Pro Se* Plaintiff
>P.O. Box 801
>Ayden, NC 28513

Dated: December 4, 2023      */s/ D. Martin Warf*
                      D. Martin Warf